-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EARL JACKSON, 05-A-1445,

        Plaintiff,

    -v-

B. FISCHER, DOCS Commissioner, et al.,

        Defendants.

**DECISION AND ORDER**
11-CV-0216S(M)



---

## INTRODUCTION

Plaintiff, Earl Jackson, an inmate of the Green Haven Correctional Facility, had filed a *pro se* complaint under 42 U.S.C. § 1983, which failed, in all respects, to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief may be granted. (Docket No. 7, Decision and Order.)[1] The caption of the complaint named thirty defendants but the complaint

---

[1]During the pendency of this action, plaintiff had failed to apprise the Court of a current address at which papers could be served upon him pursuant to the Court's Local Rules of Civil Procedure, Rule 5.2(d). On July 25, 2013, the Court issued an Order directing plaintiff to provide the Court with his current address by August 29, 2013, and noting that if he failed to do so the action would be dismissed with prejudice. (Docket No. 12.) The basis of this Order was a search of the New York State Department of Corrections and Community Supervision's (DOCCS) website <www.nysdoccslookup.doccs.ny.gov>, that indicated that plaintiff had been released to parole supervision on October 19, 2012. On September 16, 2013, plaintiff provided the Court with a current address--Five Points Correctional Facility. Plaintiff had, therefore, failed to provide an address and comply with the Local Rule 5.2(d) between October 19, 2012 and September 16, 2013.

    Later, on October 14, 2014, plaintiff again informed the Court of another address change--Green Haven Correctional Facility. According to DOCCS's website, plaintiff had been paroled again and returned to DOCCS's custody on April 7, 2014. Plaintiff had not informed the Court of an address at which he could be served during this second period of time on parole. It is thus apparent that sometime between September 16, 2013 and April 7, 2014, plaintiff was paroled and did not inform the Court of an address at which he could be served with papers. In fact, it was not until just recently, October 22, 2014, that plaintiff had informed the Court that he was currently at Green Haven.

These failures to inform the Court of an address at which papers could be served are alone a sufficient basis

itself contained "*no* specific factual allegations against *any* of the defendants." (*Id.*, at 5-6.) The complaint, instead, set forth only an "omnibus conclusory allegation" that stated:

> All [defendants] acted in concert to deny me any/all entitlements including meals, medical care, safety, security, access to outside world, access to legal, personal property, allowing me to be harassed & assaulted by employees & inmates, damage, destruction, theft of personal legal property et al.

(*Id.*)

Upon review of the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), the Court found that the complaint's "naked assertion[s] devoid of further factual enhancement" failed to comply with Rule 8 and had to be dismissed for failure to state a claim for relief upon which relief can be granted unless plaintiff filed an amended complaint which complied with Rules 8 and 10 and set forth claims upon which relief may be granted. (*Id.*, at 6 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted)). The Court offered plaintiff the following "guidance" if he decided to file an amended complaint:

> the amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Order. The body of the amended complaint should set forth factual allegations to support his claim against each named defendant, the dates or approximate dates and locations of all relevant events giving rise to plaintiff's claims, in accordance with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. In order for plaintiff's claim(s) against any individual listed as a defendant in the caption of the amended complaint to go forward, such claim or claims must be

---

to dismiss this action, *see* Loc.R.Civ.P. 5.2(d), but, for the reasons set forth below, the basis of the dismissal herein is the amended complaint's failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2

> supported in the body of the complaint by factual allegations against that defendant; defendant's failure to set forth any factual allegations against an individual named as a defendant will result in the dismissal of that individual as a defendant in this action. Plaintiff is further advised that any claim that two or more of the defendants acted in concert to deprive him of his rights should be supported by allegations of fact sufficient to establish an agreement among the alleged conspirators.

(Docket No. 7, Decision and Order, at 10.)

The Court's Order granting plaintiff leave to amend also noted both that (1) complaints containing only "conclusory, vague, or general allegations of a conspiracy to deprive a person of [his] constitutional rights" fail to state claims upon which relief can be granted, and (2) supervisory officials cannot be held liable under § 1983 based solely on the acts or omissions of their underlings. (*Id.*, at 7 (citations omitted)).

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of plaintiff's amended complaint, and provide that the Court shall dismiss a case in which *in forma pauperis* status has been granted, *id.*, § 1915(e)(2)(B), or in which plaintiff is a "prisoner," *id.*, § 1915A, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In evaluating the amended complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per

3

curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

### AMENDED COMPLAINT

Plaintiff's amended complaint (Docket No. 11), while providing more allegations and detail than the initial complaint, nonetheless fails to state claims upon which can be granted. Plaintiff's amended complaint does not include a caption and the Court presumes plaintiff incorporates by reference the caption of the initial complaint. The amended complaint lists the name of each defendant

and then sets forth next to each name some generally conclusory allegations with respect to each defendant listed, none of which, as pled, set forth an actionable claim under 42 U.S.C. § 1983. For example, plaintiff alleges that defendant C.O. Strong "acted in concert with his coworkers . . . deliberately ignored [his] complaints of threats of being threatened by staff [and] inmates. Being denied/deprived of food meals [and] enemies verbalized plot to assault [him] with liquified body waste/chemical agents [and] place waste on gallery window/walls to give the appearance that [plaintiff] had thrown body wastes . . . .") (Amended Complaint, at 4, #8.) Plaintiff alleges that C.O. Carrigan "also acted in concert with fellow coworkers filing deliberately false reports stating he or cohorts acted in concert in allowing [him] to be harassed, threatened, verbally abused . . . ." (Id., at 4, #12.)

The amended complaint states that plaintiff cannot provide dates or locations of the alleged acts or occurrences set forth but that the information can be obtained from the Grievance Office at the Southport Correctional Facility. As noted in the Court's Order providing plaintiff leave to file an amended complaint, Fed.R.Civ.P. 8(a)(2) is intended to " 'give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." (Docket No. 7, Decision and Order, at 3 (citations omitted).) "Rule 8 requires that a plaintiff provide facts sufficient to allow each

5

defendant to have a fair understanding of what plaintiff is complaining about and to know whether there is a legal basis for recovery." (*Id.* (citations omitted).)

Rule 8 does not require " ' detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). The amended complaint is simply just that. Plaintiff alleges generally that the defendants acted in concert to harm him in any number of ways. The allegations, however, are conclusions of law mainly--*e.g.*, "retaliated" against him, were "deliberately indifferen[t]"--with very little, if any, factual assertions sufficient to put defendants on notice of what plaintiff's claims are nor sufficient to state a claim that is "plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Conclusions of law, unlike factual assertions, set forth in a complaint are not accepted as true for purposes of determining whether the complaint states a claim upon which relief can be granted. *Ashcroft*, 556 U.S. at 678.

Plaintiff's amended complaint, while an improvement over the initial complaint, nonetheless must be dismissed with prejudice because it fails to state claims upon which relief can be granted. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (A district court "should not dismiss without granting leave to amend at least *once* when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (emphasis added) (internal quotation and citation omitted)).

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, the amended complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: _Nov. 25_, 2014